UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT,<br><br>        Petitioner,<br><br>    v.<br><br>STATE OF CALIFORNIA,<br><br>        Respondent. | Case No.  2:21-cv-02019-JDP (HC)<br><br>ORDER FINDING THAT THE PETITION DOES NOT STATE A COGNIZABLE CLAIM UNDER SECTION 2254 AND GRANTING LEAVE TO AMEND WITHIN THIRTY DAYS<br><br>ECF No. 1 |

Petitioner, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. After reviewing the petition, I find that the petition cannot proceed under § 2254. It must proceed, if at all, under § 2241. Additionally, the petition is impossible to understand and must be re-drafted if it is to be served.

The amended petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Petitioner alleges that he is being unlawfully held in pre-trial detention. ECF No. 1 at 2. The specifics of his claim are, frankly, impossible to understand. The petition is one-hundred and eleven pages long and poorly organized. Petitioner's failure to use section breaks or paragraphs

does the reader no favors.  As such, I could not, if I ordered service, expect respondent to file a substantive answer.  Additionally, this action, insofar as it challenges pre-trial detention, must proceed under § 2241, not § 2254.  *See White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004) ("The general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment--for example, a defendant in pre-trial detention or awaiting extradition.").  I will give petitioner a chance to amend his petition.

Additionally, I will deny his motion for treatment.  ECF No. 10 at 1.  Therein, he asks that I order his custodians to provide "competency training."  *Id.*  This request appears to pertain to the conditions of his confinement and, as such, should be raised in a separate section 1983 action.

It is ORDERED that:

1. Petitioner's application to proceed in forma pauperis, ECF No. 12, is GRANTED.
2. Petitioner may file an amended § 2241 petition within thirty days of this order's entry.  If he does not, I will recommend that the current petition be dismissed for the reasons stated in this order.
3. The Clerk of Court is directed to send petitioner a federal habeas form.
4. Petitioner's motion for treatment, ECF No. 10, is DENIED.

IT IS SO ORDERED.

Dated:   March 3, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE