UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT, | Case No. 2:21-cv-02019-JDP (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATIONS THAT THE AMENDED PETITION BE DISMISSED |
| v. | |
| STATE OF CALIFORNIA, | ECF No. 22 |
| Respondent. | |

Petitioner, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241. He is a pretrial detainee and argues that the state has violated his rights by holding him for over ten months "for competency-treatment training." ECF No. 22 at 3. I find, for the reasons stated below, that *Younger v. Harris*, 401 U.S. 37 (1971) requires that I abstain from considering petitioner's claims.

The amended petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2241 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief.[1] *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Petitioner is a pre-trial detainee. ECF No. 22 at 3. He argues that he is entitled to release because he has been waiting ten months for "competency-treatment training." *Id.* Petitioner

---

[1] This rule may be applied to petitions brought under § 2241. *See* Rule 1(b) of the Rules Governing § 2254 Cases.

1

admits that he has not attempted to exhaust this claim in the state courts, however.  *Id.*  Under *Younger*, federal courts must abstain from interfering in ongoing state proceedings absent "extraordinary circumstances."  401 U.S. 37, 45.[2]  The allegations at bar do not meet this standard.  Petitioner has not explained why the state courts are incapable of addressing his claims.  Moreover, his allegations are akin to a speedy trial claim, which the Ninth Circuit has held is best reviewed after the trial is concluded.  *See Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980).

      Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to rule on these findings and recommendations.

      Further, it is RECOMMENDED that the amended petition, ECF No. 22, be DISMISSED without leave to amend and the petition for writ of mandate, ECF No. 25, be DENIED as moot.

      These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days of service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   April 6, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[2] In *Perez v. Ledesma*, the Supreme Court explained that federal injunctive relief against pending state prosecutions was appropriate "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."  401 U.S. 82, 85 (1971).